1

2

3

4

5                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF WASHINGTON
6

7  DAVID ARNESON,                    )
                                     )  No. CV-08-120-JPH
8           Plaintiff,               )
                                     )  ORDER GRANTING PLAINTIFF'S
9  v.                                )  MOTION FOR SUMMARY JUDGMENT
                                     )  AND REMANDING FOR FURTHER
10 MICHAEL J. ASTRUE,                )  PROCEEDINGS
   Commissioner of Social            )
11 Security,                         )
                                     )
12          Defendant.               )
                                     )
13                                   )
   _____   )
14
          BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec.
15
   22, 28).  Attorney Rebecca Coufal represents Plaintiff; Assistant
16
   United States Attorney Frank A. Wilson and Special Assistant United
17
   States Attorney David J. Burdett represent Defendant.   The parties
18
   have consented to proceed before a magistrate judge. (Ct. Rec. 9.)
19
   Plaintiff filed a reply on April 16, 2009.  (Ct. Rec. 31.)  The matter
20
   came before the court for hearing on April 17, 2009, without oral
21
   argument.  After reviewing the administrative record and briefs filed
22
   by the parties, the court **GRANTS** Defendant's Motion for Summary
23
   Judgment (Ct. Rec. 28).  Plaintiff's Motion for Summary Judgment (Ct.
24
   Rec. 22) is **DENIED.**
25
                                JURISDICTION
26
          On February 16, 2005, plaintiff filed applications for disability
27

28 -1 ORDER GRANTING PLAINTIFF'S
      MOTION FOR SUMMARY JUDGMENT
      AND REMANDING FOR FURTHER
      PROCEEDINGS

insurance benefits (DIB) and supplemental security income (SSI). (Tr. 154-162.) He alleged disability due to heart disease/angina, degenerative disk disease, sensorineural hearing loss, hand tremor, depression, panic disorder, and somatoform disorder, with an onset date of November 27, 2003. (Tr. 170.) Benefits were denied initially and on reconsideration. (Tr. 97-104, 107-110.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Mary Reed April 20, 2006. (Tr. 740-801.) At the hearing, Plaintiff, who was represented by counsel, testified, as did plaintiff's mother, Lois Moseby, and vocational expert (VE) Tom Moreland. A supplemental hearing was held February 15, 2007. Plaintiff, her mother, Tom Moreland, and W. Scott Mabee, Ph.D., testified. (Tr. 29-85.) The ALJ denied benefits and the Appeals Council denied review. (Tr. 7-21, 90-93.) The matter is before the court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 48 years old at onset. (Tr. 154.) He graduated from high school, and has worked as a heavy equipment mechanic, log truck driver, and service manager. (Tr. 67, 173-174, 179.) He testified some days he can barely move due to knee, back and neck pain. (Tr. 60.) At times he sleeps more than 24 hours, and usually has to lie down and rest. He does not know the reason for his fatigue. (Id.) He last drank alcohol two to three weeks before the supplemental hearing. (Tr. 63-65.)

**SEQUENTIAL EVALUATION PROCESS**

-2 ORDER GRANTING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR FURTHER
   PROCEEDINGS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F. 3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404. 1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude

-3 ORDER GRANTING PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    PROCEEDINGS

substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.  If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered.  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F. 2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F. 3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that: (1) Plaintiff can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform.  *Kail v. Heckler*, 722 F. 2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

-4 ORDER GRANTING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR FURTHER
   PROCEEDINGS

1    Congress has provided a limited scope of judicial review of a

2 Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

3 Commissioner's decision, made through an ALJ, when the determination

4 is not based on legal error and supported by substantial evidence.

5 *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v.*

6 *Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

7 "The [Commissioner's] determination that a plaintiff is not disabled

8 will be upheld if the findings of fact are supported by substantial

9 evidence." *Delgado v. Heckler*, 722 F. 2d 570, 572 (9th Cir. 1983)

10 (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

11 scintilla, *Sorenson v. Weinberger*, 514 F. 2d 1112, 1119 n. 10 (9th Cir.

12 1975), but less than a preponderance.  *McAllister v. Sullivan,* 888 F.

13 2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and*

14 *Human Services*, 846 F. 2d 573, 576 (9th Cir. 1988).  Substantial

15 evidence "means such evidence as a reasonable mind might accept as

16 adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S.

17 389, 401 (1971)(citations omitted).  "[S]uch inferences and

18 conclusions as

19 the [Commissioner] may reasonably draw from the evidence" will also

20 be upheld.  *Mark v. Celebrezze*, 348 F. 2d 289, 293 (9th Cir. 1965).

21 On review, the court considers the record as a whole, not just the

22 evidence supporting the decision of the Commissioner.  *Weetman v.*

23 *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*,

24 648 F.2d 525, 526 (9th Cir. 1980)).

25    It is the role of the trier of fact, not this court, to resolve

26 conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence

27 supports more than one rational interpretation, the court may not

28 -5 ORDER GRANTING PLAINTIFF'S
        MOTION FOR SUMMARY JUDGMENT
        AND REMANDING FOR FURTHER
        PROCEEDINGS

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner* v. *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F. 2d 1226, 1229-1230 (9th Cir. 1987).

**ADMINISTRATIVE DECISION**

At the onset ALJ Reed found plaintiff was insured for DIB purposes through December 31, 2007. (Tr. 7, 9.) At step one, the ALJ found plaintiff has not engaged in substantial gainful activity since onset. (Tr. 10.) At steps two and three, she found plaintiff had impairments of degenerative disk disease, sensorineural hearing loss, panic disorder, and somatoform disorder, which are severe, but do not meet the requirements of any Listed impairment. (Tr. 10-12.) She found plaintiff has the RFC for a significant range of light work. (Tr. 12-13.) With respect to mental impairments, plaintiff is moderately limited in the ability to carry out detailed instructions. (Tr. 13.) At step four, relying on the VE's testimony, the ALJ found that plaintiff is unable to perform his past relevant work as a heavy equipment mechanic, log truck driver, or service manager. (Tr. 19.) At step five, also relying on the VE, the ALJ found plaintiff can perform other work, including electrical

-6 ORDER GRANTING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR FURTHER
   PROCEEDINGS

assembler, housekeeper, and laundry worker. (Tr. 20.) The ALJ found plaintiff was, therefore, not under a "disability" as defined by the Social Security Act.  (Tr. 21.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred in weighing the medical and lay evidence, failing to develop the record, and in finding other available work at step five. (Ct. Rec. 24 at 8-20.) The Commissioner responds that the ALJ's decision is without error and supported by substantial evidence.  (Ct. Rec. 29 at 1.)

**DISCUSSION**

**A. Weighing the medical evidence**

Plaintiff alleges that the ALJ erred by failing to properly credit the opinions of treating professionals Thomas Boone, M.D., and William Murphy, M.D., and examining psychologist Joyce Everhart, Ph.D., and compounded the problem by giving too much credit to the opinions of examining psychologist Thomas McKnight, Ph.D., and testifying psychologist W. Scott Mabee, Ph.D.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  Thus, more weight is given to a treating physician than an examining physician.  *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians.  *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or

-7 ORDER GRANTING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR FURTHER
   PROCEEDINGS

examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 99th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

The medical evidence at issue includes plaintiff's cardiac problems, a cognitive disorder diagnosed by examining psychologist Dr. Everhart, and a hand tremor. (Ct. Rec. 24 at 8-14.) The ALJ did not find angina or small vessel heart disease (or any cardiac condition) a severe impairment at step two. (Tr. 10-11.) At step two the ALJ found plaintiff suffers from degenerative disc disease, hearing loss, a panic disorder and a somatoform disorder. (Tr. 10.) Plaintiff contends the ALJ erred by failing to credit at step two the diagnoses of treating physicians Drs. Boone and Murphy that plaintiff suffers from angina and arguably small vessel heart disease. (Ct. Rec. 24 at 9.)

The Commissioner responds that plaintiff has a long history of complaining of severe chest pain, but his treating doctors could not identify a cardiac-related cause for his symptoms. (Ct. Rec. 29 at

-8 ORDER GRANTING PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    PROCEEDINGS

5, citing Tr. 247-248, 279-280, 297-299, 342, 503-510.)  He notes that in May of 2006, a one-day nuclear perfusion stress test revealed "some borderline mild ischemia." (Ct. Rec. 29 at 5, citing Tr. 640.)  A further cardiovascular study showed, the Commissioner notes, plaintiff "may have an element of small vessel disease." (Ct. Rec. 29 at 5, citing Tr. 644.)  The Commissioner then argues that the mere diagnosis of an ailment says nothing about its severity, since conditions properly treated and controlled effectively are not severe. (Ct. Rec. 29 at 5, citing *Higgs v. Bowen*, 880 F. 2d 860, 863 (6th Cir. 1988); *Warre v. Commissioner*, 439 F. 3d 1001, 1006 (9th Cir. 2006).

The Commissioner notes treating cardiologist Dr. Murphy encouraged plaintiff in May of 2006 to continue taking cardizem to control his angina, and treated his "possible small vessel disease with medication"; thereafter, plaintiff only reported chest pain once.  At that time, Dr. Murphy opined it was probably caused by compression neuropathy. (Ct. Rec. 29 at 5-6, citing Tr. 641, 734-735.) This is the evidence the Commissioner cites supporting the ALJ's step two determination with respect to plaintiff's complaints of chest pain.  The Commissioner fails to address the medical evidence of chest pain from onset until May of 2006 - a relevant period of three years.

The ALJ went on to adopt the findings of the reviewing agency professionals and of the testifying psychologist. With respect to cardiac impairment, the ALJ stated:

> Prior to his alleged onset date of disability
> [November 27, 2003] the claimant was prescribed
> nitroglycerin and Norvasc for chest pain. EKGs

performed prior to the claimant's alleged onset
date of disability were normal, and myocardial
infarction was ruled out as the source of the
claimant's chest pain in February of 2001 (Exhibit
32F/8.)

In early 2005 the claimant was transferred to the
hospital from jail with complaints of chest pain.
He was diagnosed with hyperventilation syndrome
and chest wall pain.  At that time it  was noted
that the claimant had had a similar history of such
pain and that he had had multiple negative cardiac
work-ups (Exhibit 9F/3). On February 8, 2005 cardiac
work-up demonstrated the claimant to have normal
right dominant coronary vasculature and normal
left ventricular function with an ejection fraction
of 60%.  Moderate aortic root dilation was noted, but
there was no aortic insufficiency (Exhibit 2F/3).
William D. Murphy, M. D., the examining cardiologist,
was of the opinion that the claimant's chest pain did
not have a cardiac cause (Exhibit 1F/4).  In March of
2005 the claimant's chest pain was described as being
non-specific.  It was noted that EKG and cardiac enzymes
had been normal and it was unlikely that the claimant's
chest pain represented acute coronary syndrome or a
life-threatening event (Exhibit 8F/3).

On May 2, 2006, the claimant's ischemia was described
as being borderline and mild (Exhibit 52F/1). It was also
noted that Cardizem was helping to control his angina
(Exhibit 52F/2). [A] [O]one-day nuclear persantine stress
test on that date demonstrated normal overall left
ventricular function and wall motion (Exhibit 52F/4).
Cardiac catheterization on May 6, 2006 revealed that
the left main coronary artery was normal and bifurcated
into the anterior descending and circumflex branches.
Some systolic compression was noted in the mid portion
of the vessel, but this was described as being mild.
The circumflex artery and the right coronary artery
were noted as being free of disease (Exhibit 52F/5 and
6).  The claimant was described as having only an element
of small vessel disease that would be treated
medically (Exhibit 52F/6).

Based on all of the foregoing, the undersigned has
concluded the claimant has no severe cardiac impairment.
His chest pain/angina would not pose more than
minimal limitations on his ability to perform basic
work-related activities and would not therefore be severe
in and of itself or in combination with other impairments.

(Tr. 10-11.)

An impairment or combination of impairments may be found "not

-10 ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS

severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F. 3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F. 3d 1273, 1290 (9th Cir. 1996); *see Yuckert v. Bowen*, 841 F. 2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F. 3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F. 3d at 687; *see also Yuckert*, 841 F. 2d at 306.

Although the medical record is not entirely clear, it is the opinion of the undersigned that the record of plaintiff's hospitalizations and other treatment for chest pain includes medical evidence establishing more than a slight abnormality that has more than a minimal effect on his ability to work. It is unclear after reviewing the entire record whether plaintiff's chest pain was caused by cardiac problems, anxiety, panic problems, a somatoform disorder or process, or a combination of these. As noted, the Commissioner's argument that plaintiff's chest pain appeared to

-11 ORDER GRANTING PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    PROCEEDINGS

resolve after May of 2006 does not answer how the condition affected plaintiff during the prior three years from onset until that date. The medical record shows multiple hospitalizations and courses of treatment with different medication.  Treating physicians Boone and Murphy have given different assessments of the causes and treatment for plaintiff's chest pain over time; Dr. Boone opined in March and April of 2005 that the marked impairment caused by severe stress and chest pain made it impossible for plaintiff to work at that time. While the ALJ was not required to adopt this opinion, her reasons for rejecting it appear to be based partly on a selective reading of Dr. Murphy's records and on the opinions of the agency consultants, but little else. While Dr. Mabee testified with respect to psychological impairment, no medical expert testified with respect to plaintiff's physical impairments, nor to the possible connection between the two.  The record clearly shows chest pain of sufficient severity to pass the de minimus test.

While he is a psychologist rather than a medical doctor, the report by Thomas McKnight, Ph.D., shows he reviewed recent ER records of chest pain without cardiac origin, and a record (apparently from treating physician Dr. Boone) dated April 4, 2005, assessing hypertension, "better with medication," along with angina with a coronary artery spasm and severe stress and anxiety. (Tr. 326.)  Dr. McKnight opines Dr. Boone's basis for assessing severe anxiety and depression appears to be plaintiff's self-report. Plaintiff denied any continuing mental health treatment. (Id.) Dr. McKnight observed no depression and only mild anxiety; he thought plaintiff "seemed somewhat overly medicated." (Tr. 328.)

-12 ORDER GRANTING PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    PROCEEDINGS

After testing, Dr. McKnight opined plaintiff has no cognitive or psychological barriers to full-time employment. He diagnosed apparent episodic panic disorder without agoraphobia, addressed with medication, probably over-medicated, and assessed a GAF of 70[1]. (Tr. 330.)  It is not known to what extent "over medication" may have affected the evaluation. Thereafter, Dr. Everhart assessed a cognitive disorder. Plaintiff has apparently suffered two closed head injuries.  Testifying psychologist W. Scott Mabee, Ph.D., disagreed with Dr. Everhart's diagnosis.  Testing did not reveal malingering.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150

---

[1]A Global Assessment of Functioning (GAF) of 70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed., (DSM-IV), at 32/

-13 ORDER GRANTING PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    PROCEEDINGS

(9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d at 1150.

Because the step two error with respect to chest pain requires remand, the cognitive function disorder diagnosed by Dr. Everhart during her consultative examination may require additional clarification. Similarly, on remand, plaintiff's hand tremor of unknown origin mentioned in several records may be addressed by additional testing. The court does not express an opinion whether these latter problems, alone or in combination, are sufficient to pass the de minimus threshold of step two, *See Smollen*, 80 F. 3d at 1290, nor of what the outcome on remand should be.

Though plaintiff ultimately bears the burden of establishing his disability, the ALJ has an affirmative duty to supplement plaintiff's medical record (perhaps with additional testing), to the extent the record was incomplete, before rejecting these impairments at so early a stage in the analysis, particularly in light of the opinion of a treating physician that plaintiff suffers severe impairments likely to interfere with employment. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Webb*, 433 F. 3d at 687, *citing Brown v. Heckler*, 713 F. 2d 441, 443 (9th Cir. 1983) (per curiam).

The ALJ's finding at step two that plaintiff suffers no severe impairment caused by chest pain is not clearly established by the

-14 ORDER GRANTING PLAINTIFF'S
    MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR FURTHER
    PROCEEDINGS

medical evidence. Accordingly, the case must be remanded for additional proceedings to correct the legal error. On remand additional consideration should be given to whether plaintiff has a severe impairment from a hand tremor and/or a cognitive disorder.

The ALJ erred by rejecting plaintiff's chest pain as a severe impairment at step two because the determination is not supported by the medical evidence.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, the court finds that the ALJ's decision at step two that plaintiff suffers no severe impairment as a result of chest pain is not clearly established by the medical evidence. Because the ALJ committed this error at step two, the case is remanded for further proceedings. On remand if appropriate the ALJ should also consider whether additional testing reveals limitations caused by a hand tremor or a cognitive disorder. Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 22)** is **GRANTED.** The case is remanded for further administrative proceedings.

2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 28)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

DATED this 20th day of April, 2009.

-15 ORDER GRANTING PLAINTIFF'S
      MOTION FOR SUMMARY JUDGMENT
      AND REMANDING FOR FURTHER
      PROCEEDINGS

1                                    s/ James P. Hutton

2                                JAMES P. HUTTON
                          UNITED STATES MAGISTRATE JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     -16 ORDER GRANTING PLAINTIFF'S
         MOTION FOR SUMMARY JUDGMENT
         AND REMANDING FOR FURTHER
         PROCEEDINGS